IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>PLAINTIFF<br><br>v.<br><br>RANDALL TODD ROYER<br>DEFENDANTS | )<br>)<br>)<br>)   CASE NO. 1:03-CR-296 (LMB)<br>)<br>)<br>)<br>) |

Response to the Petition for a Writ of Mandamus

By Order of June 8, 2011, the Court directed the Clerk forward a copy of the defendant's Petition for a Writ of Mandamus to the Office of the United States Attorney, and to the Probation Officer. The Court further directed that a response be filed on or before August 8, 2011 days by "the government." As we will now demonstrate, Mr. Royer's petition for a writ of mandamus should be denied.

Statement of Facts

The following facts are drawn from the defendant's petition, and may be taken as true at this stage of the proceeding:

1) The defendant was convicted on his plea of guilty on January 16, 2004, and was sentenced by this Court on April 8, 2004. He is presently serving that sentence in the custody of the Bureau of Prisons. Petition at ¶1.

2) Pursuant to Federal Rule of Criminal Procedure 32(g), the Pre-Sentence Report ("PSR") submitted to the Court and the government and defendant on April 1, 2004 prior to sentencing included an addendum which contained the objections and

      corrections proffered by the parties as well as the portions of the PSR to which the parties objected or sought to be corrected. Petition at ¶5.

3)     During the sentencing of the defendant, the Court directed that the last sentence of ¶42 of the PSR be stricken. The final version of the PSR which was forwarded to the Bureau of Prisons after sentencing did not include the portion of ¶42 which the Court had ordered stricken. No mention was made at the hearing or in the Court's order regarding the disposition of the appendix or its contents. However, the final version forwarded to the BOP did include the addendum which contained, *inter alia*, the statement ordered stricken. Petition at ¶¶9, 10, and the letter of July 16, 2010 from Supervising United States Probation Officer Bubenhofer to the plaintiff, which is appended to the defendant's petition.

4)     The defendant requested that Supervising United States Probation Officer Bubenhofer contact the Bureau of Prisons and request the return of the addendum. Petition at ¶11. By letter of August 3, 2010, a copy of which was appended to the defendant's petition, Supervising United States Probation Officer Bubenhofer responded to the plaintiff's request. In that response, he noted that after making the changes to the PSR ordered by the Court he provided copies to the government's and the defendant's counsel to ensure that the corrections ordered by the Court had been made. It was only after that review that the PSR was forwarded to the Bureau of Prisons. Officer Bubenhofer further noted that after the PSR had been adopted as revised by the Court, the Probation Office lacked authority to make further changes.

5)     The defendant now seeks a writ of mandamus determining whether the addendum

is a part of the PSR, and if it is not, directing the BOP to return to the Court (or destroy) all copies of the addendum. Petition at ¶¶14 and 15.

## Discussion

### Mandamus is not Available to Provide the Plaintiff the Relief he Seeks

Mandamus is a "drastic" remedy reserved for "extraordinary situations" involving the performance of official acts or duties. *Kerr v. United States Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976); *see also Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988). Accordingly, as a condition for issuance of the writ, the party seeking it must satisfy "the burden of showing that his right to issuance of the writ is clear and indisputable." *Kerr*, 426 U.S. at 403 (internal quotation marks and citations omitted). A party seeking a writ of mandamus must demonstrate not only that he has a clear right to the relief sought but also that the responding party has a clear duty to perform the act amounting to the relief sought. *See In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir.1988). "The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *United States ex rel. McLennan v. Wilbur*, 283 U.S. 414, 420 (1931).

In short, to establish the conditions necessary for issuance of a writ of mandamus, the party seeking the writ must demonstrate that

(1) he has a clear and indisputable right to the relief sought;

(2) the responding party has a clear duty to do the specific act requested;

(3) the act requested is an official act or duty;

(4) there are no other adequate means to attain the relief he desires; and

(5) the issuance of the writ will effect right and justice in the circumstances. See *Kerr*, 426 U.S. at 403; *Estate of Michael ex rel. Michael v. Lullo*, 173 F.3d 503, 512–13 (4th Cir.1999); *First Fed. Sav. & Loan*, 860 F.2d at 138; *U.S. ex rel. Rahman v. Oncology Associates, P.C.*, 198 F.3d 502, 511 (4th Cir. 1999).

Plaintiff can only satisfy element number 3; plainly the action he seeks is an official one. He cannot satisfy the first element – that his right to the relief he seeks be clear and indisputable. The Federal Rules of Criminal Procedure contemplate that the addendum he seeks to have returned to the Court be provided to the Bureau of Prisons.[1] Federal Rule of Criminal Procedure 32(g) requires the probation officer to submit to the court and to the parties the presentence report and an addendum containing any unresolved objections, the grounds for those objections, and the probation officer's comments on them at least seven days before a sentencing proceeding. Rule 32(i) (3) (C) of the Federal Rules of Criminal Procedure requires a copy of the court's determinations to be appended to the copy of the presentence report made available to the Bureau of Prisons. In short, the Federal Rules of Criminal Procedure contemplate that the Bureau of Prisons will be informed of any facts found by the Court's probation officers during their presentence investigation; any objection to those factual findings, and the Court's resolution of those objections. Plaintiff can point to no "clear and indisputable" right to deny that information to the Bureau of Prisons; nor to any duty on the part of the Bureau of Prisons to

---

[1] Any effort to amend the PSR comes too late. *See United States v. Engs*, 884 F.2d 894, 896 (5th Cir.1989) (rule contemplates objections to PSI report prior to sentencing when resolution of disputed matters will most benefit defendant); *United States v. Freeny*, 841 F.2d 1000, 1002 (9th Cir.1988) (Rule 32 allows challenge to presentence report during imposition of sentence, not later). In *United States v. Boardley*, 61 Fed.Appx. 904 (4th Cir., 2003) the Court of Appeals held that motions to correct errors in a presentence report must be made prior to the imposition of sentence, not after. A copy of the Fourth Circuit's unpublished decision is attached.

divest itself of portions of a presentence report the Federal Rules of Criminal Procedure expressly require that Bureau of be given.  In short, the mandamus is unavailable to the plaintiff.

## Conclusion

Because plaintiff can show neither that he has any "clear and indisputable" right to deny the Bureau of Prisons access to the addendum to the presentence report, nor a peremptory duty on the part of the Court's Probation Officer to request the return of the plaintiff's presentence report or any such duty on the part of the Bureau of Prisons to return the report, his petition for mandamus should be denied.

Dated: August 5, 2011

                                                  RESPECTFULLY SUBMITTED

                                                  NEIL H. MACBRIDE
                                                  UNITED STATES ATTORNEY

BY

                                                  _____/S/_____
                                                  R. JOSEPH SHER
                                                  ASSISTANT UNITED STATES ATTORNEY
                                                  OFFICE OF THE UNITED STATES ATTORNEY
                                                  JUSTIN W. WILLIAMS UNITED STATES ATTORNEYS BUILDING
                                                      2100 JAMIESON AVE.,
                                                      ALEXANDRIA, VA. 22314
                                                      TELEPHONE:   (703) 299-3747
                                                      FAX:         (703) 299-3983
                                                      E-MAIL      JOE.SHER@USDOJ.GOV

Certificate of Service

I certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to plaintiff proceeding pro se, and by depositing a true and correct copy of the same in the United States mail, first class postage fully prepaid, addressed to him as follows:

>Randall Todd Royer
>Register No. 46812-083
>USP FLORENCE ADMAX
>U.S. PENITENTIARY
>PO BOX 8500
>FLORENCE, CO  81226

Dated: August 5, 2011

                                         /s/
                                R. JOSEPH SHER
                                ASSISTANT UNITED STATES ATTORNEY
                                OFFICE OF THE UNITED STATES ATTORNEY
                                JUSTIN W. WILLIAMS UNITED STATES ATTORNEYS' BUILDING
                                2100 JAMIESON AVE.,
                                ALEXANDRIA, VA. 22314
                                TELEPHONE:   (703) 299-3747
                                FAX:                (703) 299-3983
                                E-MAIL          JOE.SHER@USDOJ.GOV