IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,      )
                               )
        v.                     )
                               )    1:03cr296-001 (LMB)
RANDALL TODD ROYER,            )
                               )
        Defendant.             )

## ORDER

Defendant Randall Todd Royer ("Royer") has filed a Petition

for Writ of Mandamus ("Petition") [Dkt. No. 746] in which he

contends that an Addendum to his Presentence Report ("PSR"),

which contains later-stricken language linking him to a

terrorist organization along with his objection to that

language, was improperly submitted to the Bureau of Prisons

("BOP").

Page 13, paragraph 42 of an initial version of Royer's PSR

states that he trained and fought with a Bosnian group named Abu

Zabair.  Addendum to the PSR, at 9-10.  The last sentence of

that paragraph stated: "According to a former member of Al Qaeda

now in the Witness Protection Program, Abu Zubair (known more

formally as Abu Zubair al Madani) was a member of Al Qaeda sent

to Bosnia by Bin Laden to establish camps for Al Qaeda." Id. at

10.  The Addendum reproduced that sentence and noted that "[t]he

defendant objects to the statement included in the report that

is attributed to a former member of Al Qaeda now in the witness protection program." Id. At the sentencing hearing the Court ordered that sentence stricken from the final PSR.

Royer argues that the Addendum was improperly forwarded to the BOP along with his PSR. In other litigation, he has accused the BOP of improperly using the deleted sentence to classify him as a "terrorist inmate" subject to atypical conditions of confinement. Those allegations are the subject of a civil action that was transferred to the United States District Court for the District of Columbia in November 2010. See Royer v. Federal Bureau of Prisons, No. 1:10-cv-1996-RCL, Dkt. No. 59 (D.D.C. Nov. 19, 2010). In the instant Petition, Royer raises only the limited issue of whether the Probation Office improperly submitted the Addendum to the BOP, and requests that the Court "issue an order clarifying that the Addendum was not a part of the final version of the PSR" and "direct the Federal Bureau of Prisons to return all hard copies of the Addendum" and "delete any electronic copies." Pet. for Writ of Mandamus, at 8. Because the Court finds that that issue is not fully subsumed within the litigation pending in the District of Columbia, it will address Royer's Petition.

Mandamus is a "drastic" remedy "to be invoked only in extraordinary situations." Kerr v. U.S. Dist. Court for Northern Dist. of California, 426 U.S. 394, 402 (1976). A party

2

may invoke that extraordinary power only by satisfying the burden of showing that his right to issuance is "clear and indisputable." Id. Specifically, the party must show "(1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available." Estate of Michael ex rel. Michael v. Lullo, 173 F.3d 503, 512-13 (4th Cir. 1999). "Where mandamus relief is sought against a public official, the alleged duty to act must involve a mandatory or ministerial obligation which is so plainly prescribed as to be free from doubt." Id. at 513. Ultimately, issuance of the writ is largely a matter of discretion with the court to which the petition is addressed. Kerr, 426 U.S. at 402.

Royer has not demonstrated a "clear and indisputable right" to the retraction of the Addendum, which the Federal Rules of Criminal Procedure expressly contemplate that the BOP be provided. After a PSR is prepared in a criminal case, the parties must review the proposed PSR and submit any objections in writing to the probation officer, who will attempt to resolve the objections. The probation officer must submit to the Court the PSR with "an addendum containing any unresolved objections, the grounds for those objections, and the probation officer's comments on them." Fed. R. Crim. P. 32(g). At sentencing, the

3

Court "must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary," and then "must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons." Id. at 32(i)(3).

In this case, the probation officer recorded Royer's objection to the last sentence of paragraph 42 of the PSR in the Addendum that was submitted to the Court.  At sentencing, defense counsel argued that the sentence "incorrectly confused the Abu Zubair military unit in Bosnia, with which Royer was affiliated, with an individual with a similar name who had been a member of al Qaeda but had died several years before."  Nov. 19, 2010 Mem. Op., Dkt. No. 59, at 3.  The government acknowledged the error and the Court sustained Royer's objection, finding no basis for the disputed sentence to be in the PSR and striking it from the PSR.  Id.  Accordingly, the Probation Office deleted the last sentence of paragraph 42, and that sentence did not appear in the final version of the PSR that was forwarded to the BOP.  Id.  The Addendum that recorded the defendant's objection to the statement was attached, as it must be, to the PSR.

The Probation Office's attachment of the Addendum to the PSR and transmission of those materials to the BOP was entirely

4

consistent with the requirement of Fed. R. Crim. P. 32(i)(3) to ensure that the BOP receives not only the final PSR, but a complete record "of the court's determinations." The defendant's sentencing memorandum and the transcript of the sentencing hearing would also contain references to the Abu Zubair confusion. That discussion is part of the history of this litigation and it would not be proper for it to be redacted. It would also be improper for the BOP to have used that unfounded information in making any classification decision as to the defendant. As the Court has already indicated, the deleted sentence that was reproduced in the Addendum from the initial version of the PSR is not a part of the final PSR. Dkt. No. 59, at 3 ("[T]he final adopted version of the report, as completed and filed in the BOP's Inmate Central Records System, no longer contains that statement."). For these reasons, the Court finds that the Probation Office did not err in attaching the Addendum to the PSR when the PSR was submitted to the BOP.

Accordingly, it is hereby

ORDERED that Royer's Petition for Writ of Mandamus [Dkt. No. 746] be and is DENIED.

To appeal this decision, defendant must file, within sixty (60) days of the date of this Order, a written Notice of Appeal with the Clerk of this Court. Failure to file a timely Notice of Appeal waives defendant's right to appeal this decision.

5

The Clerk is directed to forward copies of this Order to counsel of record and to defendant pro se at his address of record.

Entered this 5th day of February, 2013.

Alexandria, Virginia

                                                    /s/
                                        Leonie M. Brinkema
                                        United States District Judge

6