IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| RANDALL TODD ROYER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14cv801 (LMB/IDD) |
| | ) | 1:03cr296 (LMB) |
| ERIC D. WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER

Petitioner Randall Todd Royer ("Royer") has filed a Motion For Reconsideration in which he expresses concerns about the Court's failure to recognize that he had, in fact, filed a reply to the government's opposition to his petition under 28 U.S.C. § 2241. He also complains that he never received from the Court a copy of the memorandum opinion and order, which were filed on November 4, 2014, and which dismissed his petition.[1]

Royer's reply brief ("Reply") was overlooked by the Court, but has now been carefully reviewed.[2] That review does not change the conclusion in the memorandum opinion that Royer's § 2241 petition does not satisfy the criteria that must be met under In re Jones, 226 F.3d 328 (4th Cir. 2000), in order for a § 2241 petition not to be barred as a successive petition. As more fully explained in the memorandum opinion, the categorical approach now used in the Fourth Circuit to determine whether an offense qualifies as a crime of violence for sentencing enhancements does not apply to Royer's case for several reasons, not the least of which is that

---

[1] The Court's internal records show a copy of the opinion was sent to Royer; however, the Court accepts his representation that he did not see it until his father sent him a copy.

[2] Although Royer has already filed a Notice of Appeal concerning the dismissal of his § 2241 petition, this Court may address Royer's Reply without the need for a remand because this Order merely corrects an error in the original decision. See Fed. R. Civ. P. 60(a).

the "crime of violence" issue in his case was an actual element of the offense of conviction and not a sentencing factor. The authorities Royer cites in his Reply do not change the Court's conclusion that there has not been a substantive change in the law since Royer filed his motion under § 2255 such that the conduct for which he was found guilty would not be deemed criminal conduct. Id. at 333-34. Therefore, the Court does not have jurisdiction to consider his § 2241 motion.

The Court also found in its memorandum opinion that even if the law had changed, Royer still would not be entitled to relief under § 2241 because he cannot show that he is actually innocent of more serious charges that were dismissed in consideration of his two guilty pleas. See Bousley v. United States, 523 U.S. 614, 623-24 (1998). Contrary to what Royer claims in his Reply, this Court fully addressed the Bousley argument in its original decision dismissing the § 2255 motion. See Mem. Op. of Feb. 15, 2012, at 22-44. In that motion, Royer admitted that two of the dismissed counts, Counts Twenty-Six and Twenty-Seven, were "more serious" than the ones to which he pleaded guilty. Id. at 23. Those two dismissed counts charged him under 18 U.S.C. § 924(c) with aiding and abetting co-defendant Khan in the use and discharge of a machine gun and rocket-propelled grenade in furtherance of a crime of violence. Id. In his Reply, Royer argues that, because the count at issue in his § 2241 petition carried a maximum penalty of life imprisonment, the dismissed counts were not more serious because they carried the same possible maximum sentences of life imprisonment. Therefore, Royer maintains that he need not demonstrate actual innocence of any of the forgone charges.

Neither the Supreme Court nor the United States Court of Appeals for the Fourth Circuit has provided guidance on how to measure an offense's seriousness under Bousley, and there is no consensus among the circuit courts. In general, multiple factors, including the maximum

2

statutory penalty, any mandatory minimum penalty, the applicable ranges under the federal Sentencing Guidelines, or some combination thereof are being used by courts. See, e.g., Broyles v. United States, No. 2:09CR3, 2013 WL 6885128, at *10 (E.D. Va. Dec. 30, 2013) (unpublished opinion and order) (looking at the statutory maximums and whether the statutes carried mandatory minimums),[3] appeal dismissed, 580 F. App'x 197 (4th Cir. 2014) (unpublished per curiam opinion) (denying motion for a certificate of appealability and dismissing the appeal).

Some courts do not consider statutory ranges at all and instead look only to the Guidelines ranges. For example, the United States Court of Appeals for the District of Columbia recently sided with the Third and Eighth Circuits in finding that that the proper measure is the actual sentence an individual would have received under the federal Sentencing Guidelines had he or she been convicted of the dropped charges. See United States v. Caso, 723 F.3d 215, 223 (D.C. Cir. 2013) ("[T]he appropriate measure of the seriousness of an offense must be derived from the Sentencing Guidelines rather than the statutory maximum penalty."); United States v. Halter, 217 F.3d 551, 553 (8th Cir. 2000) (same); United States v. Lloyd, 188 F.3d 184, 189 n.13 (3d Cir. 1999) ("We reject as improper the comparison urged by the government of the general maximum allowable penalty for Count II to the mandatory penalty for Count I. Rather, it is the actual penalty prospectively assessed this defendant for each Count—determined in accordance with the refining criteria of the United States Sentencing Guidelines and set forth in the

---

[3] In determining whether the dismissed charges were "more serious," the Broyles court quoted the Federal Habeas Manual for guidance. See Broyles, 2013 WL 6885128, at *10 n.5 ("The seriousness of the charges foregone may be measured by 'the maximum statutory sentence provided by Congress,' the 'maximum sentence that particular defendant would have received . . . under the Federal Sentencing Guidelines,' or 'both the statutory minimum and the statutory maximum.'" (quoting Brian R. Means, Federal Habeas Manual § 9B:85, at 930-31 (2013 ed.))).

government's Presentencing Report—that is relevant to our comparison of the seriousness of the respective charges at the time of the plea bargain.").[4]

In a case similar to Royer's, the Court of Appeals for the Sixth Circuit did not consider the Guidelines and rejected the petitioner's argument that the dropped counts were less serious than the offense of conviction. See Peveler v. United States, 269 F.3d 693, 700 (6th Cir. 2001). The petitioner in Peveler had pleaded guilty to one count of using or carrying a firearm in relation to a drug trafficking crime in violation of § 924(c) and to five counts of drug trafficking. Id. at 696. The § 924(c) count accounted for 60 months of his 181-month sentence. Id. In exchange, the government dismissed the two firearm counts in the original indictment. Id. at 700. The court concluded that the two dismissed firearm counts were "more serious" than the one firearm count for which the petitioner had pleaded because, "when viewed in combination," the two firearm counts would have resulted in a 20-year mandatory minimum sentence. Id. (citing 18 U.S.C. § 924(c)(1)(C)(i)) (now 25 years following a 1998 amendment).

To support his argument that the proper measure for "more serious" should be the statutory maximum, Royer cites only to two unpublished orders issued in the Eastern District of North Carolina. See Elbert v. United States, No. 5:02-CR-285-1H, 2014 U.S. Dist. LEXIS 46245, at *4 (E.D.N.C. April 3, 2014) (unpublished order); Brewington v. United States, No. 4:08-CR-77-FL-1, 2012 WL 5463141, at *2 (E.D.N.C. Nov. 8, 2012) (unpublished order). These orders did not address whether factors other than the statutory maximum sentence might also be appropriate methods for determining the seriousness of dismissed charges, nor did they

---

[4] Analogously, in determining the most serious offense with which a defendant may be charged, the United States Attorneys' Manual provides that "[t]he 'most serious' offense is generally that which yields the highest range under the sentencing guidelines" and further provides that any mandatory minimum sentence must be taken into account. United States Attorneys' Manual § 9-27.300(A) (Dec. 2014).

4

cite to any case law regarding such measurement. See Elbert, 2014 U.S. Dist. LEXIS 46245, at *4 (comparing the maximum statutory penalties and then stating that the offenses bearing higher statutory maximums were "more serious"); Brewington, 2012 WL 5463141, at *2 (summarily concluding that because the dismissed count and the count to which petitioner pleaded guilty carried the same maximum statutory penalty, the dismissed count was not "more serious").

As the D.C. Circuit stated in Caso, looking only to a statutory maximum would provide a court with less specific information, as "statutory ranges are far broader than the Guidelines ranges." Caso, 723 F.3d at 224. Looking instead to a combination of the above factors, including the statutory maximums, whether there are mandatory minimums, and the Guidelines ranges, provides a fuller overall picture of the seriousness of an offense. Here, Royer's potential sentence just for Counts Twenty-Six and Twenty-Seven, each of which charged a § 924(c) offense,[5] and not including the other counts that the government dismissed, would have been far higher than the ten-year sentence that Royer actually received[6] because the mandatory minimum sentences had to be served consecutively and, for a second violation of § 924(c), the mandatory minimum jumped from ten years to 25 years. Compare § 924(c)(1)(C)-(D) (prescribing a 25-year mandatory minimum for "a second or subsequent conviction under this subsection," which must run consecutively to "any other term of imprisonment"), with § 924(c)(1)(A)(iii) (ten-year minimum); see also Mem. Op. of Feb. 15, 2012, at 8 n.5 (stating that Royer received the mandatory minimum sentence of ten years for the § 924(c) count to which he pleaded guilty).

---

[5] See id. at 3 (stating that the superseding indictment charged Royer "with multiple firearm offenses in violation of 18 U.S.C. § 924 (counts 11, 18, 23-27)").

[6] As the Court originally stated in its Memorandum Opinion dismissing Royer's § 2255 motion:
> By way of comparison, Khan [one of Royer's co-defendants] received a sentence of life imprisonment as to Count Twenty-Seven . . . and 300 months, which had to be served consecutively, as to Count Twenty-Five. Both were counts that the Government dismissed against Royer in exchange for his plea.

Mem. Op. of Feb. 15, 2012, at 24 n.9 (citation omitted).

5

Therefore, because Counts Twenty-Six and Twenty-Seven, alone, were "more serious" than Royer's offense of conviction, he must, under Bousley, prove his actual innocence of at least those counts. This Court has already held, however, that "there is no reasonable likelihood that Royer would have been acquitted of any count in the superseding indictment" that the government subsequently dismissed. Id. at 24. Royer did not pursue an appeal of that decision, which is now the law of this case.

For the reasons stated above, it is hereby

ORDERED that petitioner's Motion For Reconsideration [Dkt. No. 772] be and is DENIED.

The Clerk is directed to forward copies of this Order to counsel of record and to petitioner, pro se, at his address of record.

Entered this 5th day of January, 2015.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge