IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Randall Todd Royer,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Petitioner,　　　　　　 )
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　) Civ. No. 1:15CV1021
　　　　　　　　　　　　　　　　) Crim. No. 1:03cr296-LMB
Eric D. Wilson,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Respondent.　　　　　　 )



PETITION FOR WRIT OF HABEAS CORPUS

For his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Petitioner avers as follows:

I. Introduction

Petitioner is a federal prisoner confined within the territorial jurisdiction of this district. He is serving a 240 month sentence for his conviction of, inter alia, a violation of 18 U.S.C. § 924(c). Petitioner previously filed a § 2241 petition in which he argued that the predicate offense underlying the § 924(c) conviction was not a crime of violence under the "residual clause" of § 924(c)(3)(B), and that he was therefore actually innocent of his conviction. In the instant petition, Petitioner argues that the Supreme Court's recent decision in Johnson v. United States invalidating the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) also invalidates the similarly-worded residual clause of § 924(c)(3)(B), rendering him actually innocent of his conviction. Petitioner further argues that his challenge to his conviction is cognizable under 28 U.S.C. § 2241, and that his petition is not barred by his procedural default because that rule is inapplicable to challenges to a court's subject matter



jurisdiction.

## II. Jurisdiction

This court has subject matter jurisdiction over this petition pursuant to 28 U.S.C. §§ 2255(e) and 2241.

## III. Statement of Facts

On September 25, 2003, Petitioner was charged in a superseding indictment with fourteen criminal counts, including multiple counts of aiding and abetting the use of a firearm during and in relation to a crime of violence. On January 16, 2004, Petitioner pleaded guilty to a two-count criminal information. Count one, the only count at issue here, charged Petitioner with a violation of 18 U.S.C. § 924(c) based upon his codefendants' violation of the Neutrality Act, 18 U.S.C. § 960. On April 9, 2004, Petitioner was sentenced to two consecutive terms of ten years in prison, one for each count of the information. Petitioner filed his first and only motion under 28 U.S.C. § 2255 on March 16, 2009. The district court denied the motion on February 15, 2012.

In 2014, Petitioner filed a petition for writ of habeas corpus in this court, arguing that under United States v. Aparicio-Soria, 740 F.3d 152 (4th Cir. 2014)(en banc), the Neutrality Act no longer met the crime of violence definition in 18 U.S.C. § 924(c)(3)(B), the "residual clause" of § 924(c). This court denied the petition on January 5, 2015. On June 8, 2015, the Fourth Circuit Court of Appeals denied his appeal of the dismissal of his petition.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, No. 13-7120. That case held that the

2

residual clause of the Armed Career Criminal Act ("ACCA") in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague.

IV. Discussion

A. Summary of the argument

The Supreme Court invalidated the ACCA's residual clause on the grounds that it is unconstitutionally vague. Johnson v. United States held that this vagueness stems from the requirement that courts imagine an "ordinary case" of an offense to determine whether it constitutes an ACCA predicate. The result of this requirement is uncertainty about how to estimate the risk posed by the offense, and uncertainty about how much risk it takes to qualify as a violent felony.

Every circuit to have considered the question, including the United States Court of Appeals for the Fourth Circuit, has held that courts must also use the "ordinary case" test to analyze offenses under an analagous residual clause provision, 18 U.S.C. § 16(b). The language of § 16(b) is identical to the residual clause provision in the crime of violence definition of 18 U.S.C. § 924(c), use of a firearm during and in relation to a crime of violence. Because Johnson holds that a statute which requires courts to imagine the "ordinary case" of an offense is unconstitutionally vague, and because the courts of appeals have uniformly held that the language of § 924(c)'s residual clause requires courts to imagine an ordinary case, Johnson renders § 924(c)(3)(B) unconstitutionally vague. This Court has previously that the offense underlying Petitioner's § 924(c) conviction, the Neutrality Act, is a residual clause offense. Johnson therefore renders Petitioner's § 924(c) conviction invalid and requires

3

that it be vacated.

This challenge may be brought in a petition pursuant to 28 U.S.C. § 2241 because § 2255 is inadequate and ineffective to challenge his conviction; Petitioner's conviction was lawful at the time it was entered, the controlling law has changed subsequent to his first § 2255 motion, and he cannot bring a second motion because <u>Johnson</u> is a rule of statutory interpretation.

Finally, Petitioner's challenge to his conviction is not barred by his procedural default. This petition may be heard on the merits because challenges to a court's subject matter jurisdiction are not subject to the procedural default rule, and, in any event, Petitioner is actually innocent of his offense of conviction and all more serious foregone charges.

> B. Because <u>Johnson</u> invalidates the residual clause of § 924(c)'s crime-of-violence definition, Petitioner is actually innocent of count one of the criminal information
>
>> 1. <u>Johnson</u> held that the ACCA's residual clause is unconstitutionally vague because it requires courts to assess the risk posed by the "ordinary case" of a crime

The ACCA allows prosecutors to seek a 15-year mandatory minimum sentence for defendants convicted of 18 U.S.C. § 922(g)(1), possession of a firearm after a felony conviction, when the offender has three previous convictions for violent felonies. 18 U.S.C. § 924(e). Under the ACCA's definition of "violent felony," an offense qualifies as a predicate if it, <u>inter alia</u>, "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). This part of the ACCA's violent felony

definition is known as the "residual clause." In <u>James v. United States</u>, 550 U.S. 192 (2007), the Supreme Court held that determining whether the residual clause covers an offense "requires a court to picture the kind of conduct that the crime involves 'in the ordinary case,' and to judge whether that abstraction presents a serious risk of physical injury." <u>Johnson</u> at ___ (citing <u>James</u> at 208). This analysis is necessary because the ACCA requires courts to use the "categorical approach" in determining whether an offense meets its crime-of-violence definition. "Under the categorical approach, a court assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" <u>Id.</u> (quoting <u>Begay v. United States</u>, 553 U.S. 137, 141 (2008)). The ordinary case test follows from the application of the categorical approach to the residual clause's requirement that courts determine "whether the crime 'involves conduct' that presents too much risk of physical injury." <u>Id.</u>

<u>Johnson</u> has upended the Supreme Court's residual clause jurisprudence, declaring the provision to be void for vagueness. <u>Johnson</u> explains that "[t]wo features of the residual clause conspire to make it unconstitutionally vague," and both stem from the fact that the provision requires courts to assess the risk posed by the ordinary case of a crime. <u>Id.</u> First, it "leaves grave uncertainty about how to estimate the risk posed by a crime" in that it "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime." <u>Id.</u> Second, it "leaves uncertainty about how much risk it takes for a crime to

qualify as a violent felony" because it requires courts to "apply an imprecise 'serious potential risk' standard to a...judge-imagined abstraction" rather than to "real-world facts." Id. Hence, by "combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability than the Due Process Clause tolerates." Id.

> 2. 18 U.S.C. §§ 16(b) and 924(c)(3)(B) require courts to assess the risk posed by the "ordinary case" of a crime

Title 18 U.S.C. § 16 is a crime-of-violence definition that contains a residual clause that is "analagous" to the residual clause of the ACCA. United States v. Keelan, ___ F.3d ___, ___ n.7 (11th Cir. 2015); United States v. Echeverria-Gomez, 627 F.3d 971, 976 (5th Cir. 2010). That provision, § 16(b), defines a crime of violence as an offense that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."[1] As with the ACCA's residual clause, courts use the

---

[1] This definition is "slightly different from the residual clause of the ACCA. Section 16(b) requires a substantial likelihood that force will be used in the commission of the offense; the [ACCA's] residual clause, by contrast, requires a substantial likelihood of physical injury." Jimenez-Gomez v. Mukasey, 548 F.3d 557, 562 (7th Cir. 2008). Some courts have suggested that the salient difference between these provisions is that the latter has a lower mens rea requirement. See, e.g., United States v. Sawyer, 409 F.3d 732, 740 (6th Cir. 2005)(citing Leocal v. Ashcroft, 543 U.S. 1, 10 n.7 (2004). More recent developments in the law have blurred that distinction. See Jimenez, supra (noting that, "[d]espite the slightly different definitions, the Supreme Court's holding in Begay perfectly mirrored the analysis in Leocal" in concluding that the ACCA's residual clause did not cover negligence or strict liability).

categorical approach to analyze offenses under § 16(b). See United States v. Aragon, 983 F.2d 1306, 1312 (4th Cir. 1992) ("Giving the term 'by its nature' its natural and plain meaning, § 16(b) directs the court to look to the generic nature of an offense in deciding whether the offense is a 'crime of violence.' Furthermore, 'by its nature' is not qualified by words such as 'facts' or 'circumstances' or 'conduct'...").

It is the law of this circuit that the "ordinary case" test set forth in James applies to § 16(b). United States v. Avila, 770 F.3d 1100, 1108 (4th Cir. 2014)(quoting James, 550 U.S. at 208). Indeed, "[a]ll other circuits to examine the issue have held the proper inquiry under § 16(b) is whether the conduct encompassed by the elements of the offense raises a substantial risk the defendant may use physical force in the 'ordinary case' ..." Keelan at ___. The circuits that have adopted this "uniform rule" are the First, Fourth, Fifth, Sixth, Ninth, Tenth, and Eleventh. Id. See id.; Avila, supra; United States v. Fish, 758 F.3d 1, 10 and 14 n.8 (1st Cir. 2014)("[W]e do not...apply the ordinary case rule differently to Section 16(b) than to the ACCA."); Rodriguez-Castellon v. Holder, 733 F.3d 847, 853-55 (9th Cir. 2013)(applying "ordinary case" standard to § 16(b) analysis); Van Don Nguyen v. Holder, 571 F.3d 524, 530 (6th Cir. 2009)(same); United States v. Sanchez-Garcia, 501 F.3d 1208, 1213 (10th Cir. 2007)(same); Echeverria-Gomez, supra (same).

Title 18 U.S.C. § 924(c)(1)(A) makes it a crime to "use or carry a firearm during and in relation to a crime of violence." That section's crime-of-violence definition contains a residual clause, § 924(c)(3)(B), which "tracks identical language

contained in 18 U.S.C. § 16(b)." <u>United States v. Serafin</u>, 562 F.3d 1105, 1108 (10th Cir. 2009). <u>See also</u>, e.g., <u>Evans v. Zych</u>, 664 F.3d 447, 452 (6th Cir. 2011)("[S]ection 16 contains language virtually identical to 924(c)(3)"). Courts thus appropriately apply caselaw interpreting § 16(b) to cases arising under § 924(c)(3)(B). <u>See</u>, e.g., <u>United States v. Lindh</u>, 212 F. Supp. 2d 541, 547 (E.D. Va. 2002)(noting the "identical" language of the two provisions and applying caselaw interpreting § 16(b) to analyze offenses under § 924(c)(3)(B)). Accordingly, the "uniform rule" that courts must use the ordinary case test to analyze offenses under § 16(b) also applies to the analysis of offenses under § 924(c)(3)(B).

    3.    <u>Johnson</u> renders 18 U.S.C. §§ 16(b) and 924(c)(3)(B) unconstitutionally vague because they require courts to assess the risk posed by the "ordinary case" of a crime

Like the ACCA's residual clause, §§ 16(b) and 924(c)(3)(B) require courts to analyze offenses under the categorical approach to determine whether they "involve[] a substantial risk" that force will be used. Like the ACCA's residual clause, §§ 16(b) and 924(c)(3)(B) "tie[] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime." <u>Johnson</u> at ___. <u>See Avila</u>, <u>supra</u>. Hence, like the ACCA's residual clause, §§ 16(b) and 924(c)(3)(B) "leave[] grave uncertainty about how to estimate the risk posed by a crime" and "how much risk it takes for a crime to qualify" as a crime of violence. <u>Johnson</u> at ___. Sections 16(b) and 924(c)(3)(B) therefore "produce[] more unpredictability than the Due Process Clause tolerates." <u>Id.</u> <u>Johnson</u> renders them void for vagueness.

8

A crucial passage in <u>Johnson</u> supports the conclusion that the Court intended its ruling to apply to <u>all</u> residual clauses requiring an "ordinary case" analysis, including § 924(c)(3)(B):

> The government and the dissent next point out that dozens of federal and state criminal laws use terms like "substantial risk," "grave risk," and "unreasonable risk," suggesting that to hold the residual clause [of the ACCA] unconstitutional is to place these provisions in constitutional doubt. Not at all. Almost none of the cited laws links a phrase such as "substantial risk" to a confusing list of examples....More importantly, almost all of the cited laws require gauging the riskiness of conduct in which an individual engages <u>on a particular occasion</u>. As a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as "substantial risk" to real world conduct...The residual clause, however, requires application of the "serious potential risk" standard to an idealized ordinary case of the crime.

<u>Id.</u> at ___.

In this passage, the Court clearly states that its holding in <u>Johnson</u> does <u>not</u> call into question statutes that apply the "substantial risk" standard to "real world conduct," but that it <u>does</u> place into constitutional doubt those statutes that require application of the "substantial risk" standard "to an idealized ordinary case of the crime." Sections 16(b) and 924(c) <u>do not</u> apply the "substantial risk" standard to real world conduct, <u>see</u> <u>Aragon</u>, <u>supra</u> (§ 16(b)'s risk standard "is not qualified by words such as 'facts' or 'circumstances' or 'conduct'..."); they <u>do</u>, however, require application of the "substantial risk" standard "to an idealized ordinary case of the crime." <u>See</u> <u>Avila</u>, <u>supra</u> (holding that courts must use the ordinary case test in analyzing offenses under § 16(b)). The conclusion is unavoidable that <u>Johnson</u> renders §§ 16(b) and 924(c)(3)(B) unconstitutional and void for vagueness.

9

>   4. **Because § 924(c)(3)(B) is void for vagueness, Petitioner is actually innocent of count one of the criminal information**

Title 18 U.S.C. § 960, the Neutrality Act, served as the predicate crime of violence for the § 924(c)(1)(A) violation charged in count one of the criminal information. "[T]his court has previously found [that] preparing and taking part in a military expedition against a foreign country" falls under § 924(c)(3)(B). Royer v. Wilson, 2014 U.S. Dist. LEXIS 157007 (E.D. Va. Nov. 4, 2014). Because § 924(c)(3)(B) is void for vagueness, Petitioner is actually innocent of count one of the criminal information. See Ex parte Siebold, 100 U.S. 371, 376-77 (1879) ("An unconstitutional law is void, and is as no law. An offence created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment.").

>   C. **Petitioner may challenge his conviction in a petition under 28 U.S.C. § 2241 because § 2255 is inadequate and ineffective**

28 U.S.C. § 2255(e) provides that a prisoner may petition for a writ of habeas corpus pursuant to § 2241 when "the remedy by motion is inadequate or ineffective to test the legality of his detention." The Fourth Circuit has explained that § 2255 is inadequate when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Petitioner

10

meets each of these requirements.

1. **At the time of Petitioner's conviction, settled law established the legality of his conviction**

At the time of Petitioner's guilty plea in 2004, there was no question that the residual clause of the ACCA and §§ 16 and 924(c)(3) were constitutional. See Condon v. Reno, 155 F.3d 453, 457 (4th Cir. 1998)("[A]ll acts of congress [are] 'presumed to be a valid exercise of legislative power until the contrary is clearly established.'" (citing Close v. Glenwood Cemetary, 107 U.S. 466, 475 (1883)). The unconstitutionality of these provisions was not clearly established until Johnson, after several years' worth of attempts and failures by the Supreme Court to craft a workable standard for them. See id. at ___ ("Unlike other judicial mistakes that need correction, the error of having rejected a vagueness challenge manifests itself precisely in subsequent judicial decisions: the inability of later opinions to impart the predictability that the earlier opinions forecast.").

2. **Subsequent to Petitioner's conviction and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is deemed no longer criminal**

As explained above, Petitioner is incarcerated for conduct that is no longer deemed criminal because Johnson rendered § 924(c)(3)(B) void for vagueness.

3. **Petitioner cannot satisfy the gatekeeping provisions of § 2255 because Johnson is a rule of statutory interpretation, not a new rule of constitutional law**

The gatekeeping provision of § 2255 provides that a prisoner may not file a second or successive motion unless the court of appeals certifies that it contains a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

Court, that was previously unavailable." 18 U.S.C. § 2255(h).

Petitioner cannot meet this provision because Johnson is a new rule of statutory interpretation, not a new rule of constitutional law. The Court's holding was based on the void-for-vagueness doctrine which predates its residual clause decision. See Johnson at ___ ("The prohibition of vagueness in criminal statutes 'is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law.'" (citing Connally v. General Constr. Co., 269 U.S. 385, 391 (1926))). Cf. United States v. Williams, 2009 U.S. Dist. LEXIS 112316 (W.D. La. Oct. 19, 2009)(holding that the Supreme Court's decision in District of Columbia v. Heller, 554 U.S. 57 (2008), "does not establish a new rule of constitutional law; the court states that it relies on the traditional construction of the Second Amendment to find the District of Columbia law was unconstitutional."). Hence, Johnson is not a new rule of constitutional law.

Rather, Johnson is a new substantive rule of statutory interpretation, in that it is a "constitutional determination[] that place[s] particular conduct or persons covered by the statute beyond the State's power to punish." Schirro v. Summerlin, 542 U.S. 348, 351-52 (2004). Claims based on such a rule do not meet § 2255(h)'s requirement. Hence, "because Johnson is at its core a decision of statutory interpretation and not a new rule of constitutional law, Johnson claims ought to be cognizable" under § 2241. Proctor, Gray, "Retroactivity and the Uncertain Application of Johnson v. United States: Is the Rule 'Constitutional' on Post-Conviction Review?," 97 CrL 14 (7/1/15).

12

D. Procedural default does not bar this claim.

1. Subject-matter-jurisdiction claims are unwaiveable

Johnson makes clear that § 924(c)(3)(B) is unconstitutional; as such, Congress had no power to enact the provision. "In essence, the statute was void ab initio, and consequently, the district court...lacked subject matter jurisdiction with respect to that charge." United States v. Walker, 59 F.3d 1196, 1198 (11th Cir. 1995). "[S]ubject matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." United States v. Cotton, 535 625, 630 (2002). Accordingly, the procedural default rule is inapplicable to Petitioner's claim.

2. Petitioner is actually innocent of his offense of conviction and of all more serious charges forgone by the government

Alternatively, even if the doctrine of procedural default applies to Petitioner's claim, this Court is not barred from addressing it on the merits because he is actually innocent of his offense of conviction. Actual innocence allows a habeas petitioner to "avoid a procedural bar to the consideration of the merits" of his claim. Schlup v. Delo, 513 U.S. 298, 326-27 (1995). Petitioner has shown that he is actually innocent of count one of the criminal information. When the prosecution has "forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Bousley v. United States, 523 U.S. 614, 623-24 (1998).

In a previous proceeding, this Court determined that the "more serious" charges dropped in the course of plea bargaining in

13

this case were at least two of the § 924(c) counts in the superseding indictment because they carried higher statutory minimum sentences than the § 924(c) charge to which Petitioner pleaded guilty. Royer v. Wilson, supra. But after Johnson, Petitioner is clearly actually innocent of all the § 924(c) violations charged in the superseding indictment, because all of the charged predicate offenses were deemed crimes of violence under the now-unconstitutional residual clause of § 924(c)(3)(B).

As to counts one through five of the superseding indictment, they all charged conspiracies. Assuming that the objects of these conspiracies were actually crimes of violence, the Fourth Circuit has held that a conspiracy to commit a crime of violence falls under the residual clause provision of § 924(c)(3), because "when conspirators have formed a partnership in crime to achieve a violent objective...they have substantially increased the risk that their actions will result in serious physical harm to others." United States v. Ayala, 601 F.3d 256, 267 (4th Cir. 2010). And as to the only substantive offense charged in the indictment, the Neutrality Act violation of count seven, Petitioner has already noted this court's holding that the offense falls under the residual clause. Accordingly, none of the more serious § 924(c) counts foregone by the government were valid counts, and Petitioner is actually innocent of them. The Court may proceed to the merits of his claim.

V. Conclusion

For all of the foregoing reasons, the Court should grant the petition for writ of habeas corpus. Petitioner prays that the Court:

14

a. vacate his conviction and sentence on count one of the criminal information;

b. direct that the special assessment Petitioner paid as to that count be returned to him;

c. order the Federal Bureau of Prisons and United States Probation Office amend their records to reflect that the notification procedures set forth in 18 U.S.C. § 4042(b) do not apply to him; and

e. issue any other relief that the Court may deem just and appropriate.

Respectfully submitted,

Dated: July 27, 2015

_____
Randall Todd Royer

## CERTIFICATE OF SERVICE

I certify that on this 27th day of July, 2015, I caused the foregoing to be mailed to counsel for the Respondent.

_____
Randall Todd Royer

15

# *Report Prisoner Data (Middle Name)*

| ID# | Last | First | Middle | FileDate | Judge | RecDate | Ofc | Year | cv | Num | Action | threeStrike |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 46812083 | Royer | Randall | Todd | 02/09/2010 | 130 Judge Brinkema | 02/04/2010 | 1 | 10 | cv | 146 | 28:1331bv | |
| 46812083 | Royer | Randall | Todd | 06/24/2014 | 130 Judge Brinkema | 06/23/2014 | 1 | 14 | cv | 801 | 28:2241 | |
| 46812083 | Royer | Randall | Todd | 08/11/2015 | 130 Judge Brinkema | 08/06/2015 | | | cv | | 28:2241 | |

Randall Royer
#46812-083
Federal Correctional Institution
P.O. Box 1000
Petersburg, VA 23804



7013 0600 0001 2550 5890

⇔46812-083⇔
Court Clerk
401 Courthouse SQ
2nd Floor
Alexandria, VA 22314-5704
United States