FILED
MAILROOM
OCT 29 2015
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Randall Todd Royer,
Petitioner,
v.
Eric D. Wilson,
Respondent.

Civ. No. 1:15cv1021
Crim. No. 1:03cr296

SUPPLEMENTAL REPLY TO THE GOVERNMENT'S RESPONSE
TO THE PETITION FOR WRIT OF HABEAS CORPUS

## I. Introduction

Petitioner has filed a petition for writ of habeas corpus, arguing that his conviction under 18 U.S.C. § 924(c) should be vacated because the crime-of-violence definition of § 924(c)(3)(B) is unconstitutional in light of Johnson v. United States, 135 S. Ct. 2551 (2015). The government has filed a response to the petition, adducing several arguments as to why Johnson does not apply to § 924(c)(3)(B). On October 19, 2015, the United States Court of Appeals for the Ninth Circuit issued its ruling in Dimaya v. Lynch, No. 11-71307 (9th Cir. Oct. 19, 2015), in which it held that a crime-of-violence definition identical to that of § 924(c)(3)(B) was unconstitutional after Johnson. As Petitioner demonstrates below, the Ninth Circuit's decision in Dimaya fully supports the Petition and directly contravenes each of the government's arguments that Johnson does not apply to § 924(c)(3)(B).

## II. Discussion

In Dimaya, the Ninth Circuit held that Johnson's reasoning "applies with equal force to the similar statutory language and

identical mode of analysis used to define a crime of violence" under 18 U.S.C. § 16(b). Dimaya, slip op. at 12. The language of § 16(b) is, as the government acknowledges, "identical" to that of § 924(c)(3)(B). Resp. at 19. The Dimaya court explained that, because § 16(b) requires the same "ordinary case" analysis necessary under the ACCA's residual clause, it "offers 'no reliable way to choose between these competing accounts' of what a crime looks like in the ordinary case." Id. at 13 (quoting Johnson at 2558). Moreover, § 16(b) "gives judges no more guidance than does the ACCA as to what constitutes a substnatial enough risk of force to satisfy the statute." Id. at 15. Therefore, Johnson's holding as to the ACCA "is also clearly applicable to § 16(b)" because, "[a]s with ACCA's residual clause, § 16(b)'s definition of a crime of violence combines 'indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify' as a crime of violence." Id. (quoting Johnson at 2558).

The government adduces several arguments in its response as to why it believes Johnson does not apply to § 924(c)(3)(B). Among them are: (1) it lacks a list of enumerated offenses; (2) it is materially narrower than the ACCA; (3) the Supreme Court has not repeatedly failed to construe it; and (4) the Court intended that Johnson be limited to the ACCA. Petitioner addressed each of these arguments in his reply. Dimaya supports Petitioner's position and directly and specifically contravenes each of the government's arguments.

A. Dimaya shows that it is irrelevant that a list of enumerated offenses is absent

The government argues in its response that Johnson does not apply to § 924(c)(3)(B) because it lacks enumerated offenses, and that the ACCA's enumerated offenses were what "ultimately convinced the Johnson Court of ACCA's vagueness." Resp. at 17. The Ninth Circuit rejected this argument in Dimaya, acknowledging that the enumerated offenses "added to the uncertainty" for the Johnson court, but that the Court also made clear that

> the fundamental reason for the Court's holding was was the residual clause's "application of the 'serious potential risk' standard to an idealized ordinary case of the crime." In short, this response clearly reiterated that what distinguishes ACCA's residual clause from many other provisions in criminal statutes was, consistent with its fundamental holding, the use of the "ordinary case" analysis. Johnson therefore made plain that the residual clause was void for vagueness in and of itself for the reasons stated in reaching its decision, and not because of the clause's relation to the other four listed offenses.

Dimaya at 17. Moreover, Dimaya noted that "it could well be argued that, if anything, § 16(b) is more vague than the residual clause because of its lack of enumerated examples." Id. at 17 n.13. Cf. Petitioner's Reply at 17 ("Indeed, the absence of the enumerated offenses in § 924(c)(3)(B) arguably renders it more vague than the ACCA...").

B. Dimaya held that the language of § 924(c)(3)(B) is not materially narrower than the ACCA

In its response, the government argues that § 924(c)(3)(B) is materially narrower than the ACCA because the latter provision requires courts "to evaluate the risk for injury even 'after' completion of the offense." Resp. at 18. According to the government, this is not a feature of § 924(c)(3)(B) due to its requirement that force be used "in the course of committing the offense." The Dimaya court rejected this argument for two reasons.

> First, we doubt that this phrase actually creates a distinction between the two clauses. For example, we have consistently held that California's burglary statute (the very statute at issue in this case) is a crime of violence for the purposes of [§ 16(b)] precisely because of the risk that violence will ensue after the defendant has committed the acts necessary to constitute the offense. By the time the risk of physical force against an occupant arises, however, the defendant has frequently already satisfied the elements of the offense of burglary under California law.

Dimaya at 17-18 (citations removed). Indeed, Dimaya's observation here perfectly mirrors Petitioner's point in his Reply. See Reply at 21-24 (arguing that the Supreme Court's identification of burglary as the "classic example" of a § 16(b) offense means that the statute's temporal reach is identical to that of the ACCA's).

Moreover, Dimaya explained that

> even if such a distinction did exist, it would not save [§ 16(b)'s] definition of a crime of violence from unconstitutionality. The Court, in Johnson, held ACCA's residual clause to be unconstitutionally vague because it combined the indeterminate inquiry of "how to measure the risk posed by a crime" in the ordinary case with "indeterminacy about how much risk it takes for a crime to qualify as a violent felony." This reasoning applies equally whether the inquiry considers the risk of violence posed by the commission and the aftereffects of a crime, or whether it is limited to consideration of the risk of violence posed by acts necessary to satisfy elements of the offense.

Dimaya at 18-19 (footnote omitted).

C. Dimaya held that it is irrelevant that the Supreme Court has decided more ACCA cases than § 16(b) cases

In its Response, the government argues that, unlike the ACCA residual clause, "the Supreme Court has rendered only one significant decision regarding Section 924(c)(3)(B) or its cognate, § 16." Resp. at 22. It infers from this that § 16(b)'s language is not unconstitutionally vague. Dimaya rejected this argument as well: "That the Supreme Court has decided more [ACCA]

residual clause cases than § 16(b) cases, however, does not indicate that it believes the latter clause to be any more capable of consistent application. We can discern very little regarding the merits of an issue from the composition of the Supreme Court's docket." Dimaya at 19-20.

D. Dimaya held that the Supreme Court did not intend that Johnson be limited to the ACCA

Finally, the government argues in its response that, "in Johnson, the Supreme Court expressly noted that striking ACCA's residual clause would have little effect on other risk-based statutes." Resp. at 23. In the Petition and in his Reply, Petitioner argued that the passage from Johnson actually "supports the conclusion that the Court intended its ruling to apply to all residual clauses requiring an 'ordinary case' test." Petition at 9. See also Reply at 18-19. In Dimaya, the Ninth Circuit interpreted this passage the same way. Most of the statutes cited by the Solicitor General's brief in Johnson "pose no vagueness problems because they 'call for the application of a qualitative standard such as "substantial risk" to real-world conduct.' The statute at issue in Johnson was not one of those statutes, however. Nor is the provision at issue here." Dimaya at 13-14 (footnote omitted)(citing Johnson at 2561). Cf. Reply at 19 ("This language clearly leaves the door open for the argument that some of the offenses cited by the Solicitor General -- including §§ 16(b) and 924(c)(3)(B) are affected by Johnson's holding because they do require the use of the ordinary case test.").

## III. Conclusion

The Ninth Circuit's holding in Dimaya is of crucial significance to this case. Its reasoning is sound and its conclusion is self-evident. "Although the government can point to a couple of minor distinctions between the text of the [ACCA] residual clause and that of [§ 16(b)], none undermines the applicablility of Johnson's fundamental holding to this case." Dimaya at 21. The Court should therefore hold that Johnson renders § 924(c)(3)(B) unconstitutional, grant the petition for writ of habeas corpus, and vacate Petitioner's conviction of count one of the criminal information.

Respectfully submitted,

Dated: October 26, 2015

Randall Todd Royer

CERTIFICATE OF SERVICE

I certify that on this 26th day of October, 2015, I sent a copy of the foregoing to counself for the Respondent.

Randall Todd Royer